<u>**NOT FOR PUBLICATION**</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| JOSEPH HERNANDEZ, | : | **Hon. Robert B. Kugler** |
| Petitioner, | : | Civil No. 04-5200 (RBK) |
| v. | : | <u>**OPINION**</u> |
| FED. BUREAU OF PRISONS, et al., | : |  |
| Respondents. | : |  |

**APPEARANCES:**

    JOSEPH HERNANDEZ,#25143-050
    CCC Orlando
    3659 Maguire Blvd.
    Orlando, Florida  32803
    Petitioner <u>Pro</u> <u>Se</u>

    JOHN ANDREW RUYMANN, Assistant United States Attorney
    CHRISTOPHER J. CHRISTIE,  United States Attorney
    402 East State Street, Room 430
    Trenton, New Jersey  08608
    Attorneys for Respondents

<u>**KUGLER, District Judge**</u>

       Petitioner Joseph Hernandez filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 challenging the date set by the Bureau of Prisons ("BOP") for his pre-release custody placement in a community corrections center ("CCC").  BOP filed a motion to dismiss the Petition.  Petitioner filed a motion to extend the time to respond to the motion, which the Court will grant.  Petitioner thereafter filed papers opposing the motion to dismiss, and a motion for a

judicial determination.  For the reasons explained in this Opinion, the Court grants Respondents' motion to dismiss the Petition, although not for the reasons requested, dismisses the Petition, and denies Petitioner's motion for a judicial determination as moot.

## I.  BACKGROUND

At the time he filed the Petition, Petitioner was incarcerated at F.C.I. Fort Dix in New Jersey, serving a federal sentence of 30 months imposed on October 6, 2003, by Hon. Joseph A. Greenaway, Jr., of this Court.  See United States v. Hernandez, Crim. 02-868 (JAG) (D.N.J. filed Nov. 18, 2002).  He asserts that prison officials determined that his statutory release date was January 3, 2006, and that he was eligible for placement in a CCC on October 17, 2005, for the final 10% of his sentence.  Petitioner contends that prison officials violated federal statutory law by limiting his pre-release placement date to 10% of the sentence and abandoning its longstanding practice of generally placing inmates in a CCC for the final six months of the sentence.  Petitioner argues that the new policy, adopted by BOP in December 2002 pursuant to memoranda issued by the Office of Legal Counsel and the Director of the BOP, is contrary to federal law and that, under the governing statutes, he was eligible for CCC placement on July 6, 2005.  He seeks an order directing BOP to make a good faith reconsideration of his CCC placement date.

BOP filed a motion to dismiss the Petition on the ground that officials determined his CCC placement date, not on the basis of the December 2002 memoranda, which Petitioner challenges, but pursuant to regulations that went into effect on February 14, 2005, which Petitioner does not challenge.  See 28 C.F.R. §§ 570.20, 570.21.

Petitioner filed a response to the motion to dismiss, arguing that the new regulations are not at issue because BOP determined his CCC placement date prior to the effective date. Petitioner further contends that BOP nevertheless violated federal law, see 18 U.S.C. §§ 3621(b) and 3624(c), by refusing to consider his individual circumstances, which warrant CCC placement for six months. BOP in turn argues that, because the Petition does not challenge the validity of the new regulations and Petitioner has not asked to amend the Petition to challenge the validity of the new regulations, the motion to dismiss should be granted. Alternatively, Respondents request notice and opportunity to be heard if the Court determines that the validity of the new regulations is at issue.

It is undisputed that, on or about October 17, 2005, BOP placed Petitioner in a CCC in Orlando, Florida, and that his custodial sentence expires on or about January 3, 2006.

## II.  DISCUSSION

A.  Jurisdiction

Under 28 U.S.C. § 2241(c), habeas jurisdiction "shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has subject matter jurisdiction under § 2241(c)(3) if two requirements are satisfied: (1) the petitioner is "in custody" and (2) the custody is "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); Maleng v. Cook, 490 U.S. 488, 490 (1989). The federal habeas statute requires that the petitioner be in custody "under the conviction or sentence under attack at the time his petition is filed." Lee v. Stickman, 357 F.3d 338, 342 (3d Cir. 2004) (quoting Maleng, 490 U.S. at 490-91).

This Court has subject matter jurisdiction under § 2241 to consider the instant Petition because Petitioner challenges the execution of his sentence and he was incarcerated in New Jersey at the time he filed the Petition. See Woodall v. Fed. Bureau of Prisons, __ F.3d __ 2005 WL 3436626 *6 & n.8 (3d Cir. Dec. 15, 2005); Spencer v. Kemna, 523 U.S. 1 (1998). The question here is whether BOP's placement of Petitioner in a CCC on October 17, 2005, caused the Petition to become moot because it no longer presents a "case or controversy" under Article III, § 2, of the United States Constitution. See Spencer, 523 U.S. at 7; DeFunis v. Odegaard, 416 U.S. 312, 316 (1974); Miller v. Fed. Bureau of Prisons, 147 Fed. Appx. 302, 307 (3d Cir. 2005).

The exercise of judicial power depends upon the existence of a case or controversy because Article III of the Constitution limits the judicial power of federal courts to "cases or controversies" between parties. U.S. CONST. art. III, § 2. "This "case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate. . . . The parties must continue to have 'a personal stake in the outcome' of the lawsuit." Lewis v. Continental Bank Corp., 494 U.S. 472, 477-78 (1990). "This means that, throughout the litigation, the plaintiff must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." Spencer, 523 U.S. at 7 (citation and internal quotation marks omitted).

In this case, Petitioner challenges the date on which he became eligible for CCC placement. Petitioner argues that he should have been eligible for CCC placement on July 6, 2005, rather than October 17, 2005. This Court is aware that on December 15, 2005, the Third Circuit held in Woodall v. Fed. Bureau of Prisons, supra, that the CCC designation regulations at issue, see 28 C.F.R. §§ 570.20, 570.21, are invalid because they are contrary to 18 U.S.C. §

4

3621(b), which requires BOP to consider at least five factors in designating the place of imprisonment. However, prior to Woodall, this Court, see Harris v. Fed. Bureau of Prisons, 2005 WL 2562970 (D.N.J. Oct. 6, 2005) (Kugler, U.S.D.J.), and all district judges in the District of New Jersey to have considered the issue upheld the regulations limiting CCC placement to the lesser of the final 10% or six months of the custodial sentence, see, e.g., Martinez v. Fed. Bureau of prisons, 2005 WL 3113428 (D.N.J. Nov. 16, 2005) (Simandle, U.S.D.J.); Daidone v. Fed. Bureau of Prisons, 2005 WL 2562974 (D.N.J. Oct. 11, 2005) (Rodriguez, U.S.D.J.); Davis v. Fed. Bureau of Prisons, 2005 WL 2321316 (D.N.J. Sept. 22, 2005) (Hayden, U.S.D.J.).

Had the Third Circuit decided Woodall prior to Petitioner's placement in a CCC on October 17, 2005, then under the holding of Woodall, Petitioner would have been entitled to relief.[1] However, Petitioner has been in a CCC since October 17, 2005, and his custodial sentence will expire on January 3, 2005. When BOP placed Petitioner in a CCC, the Petition became moot because Petitioner was no longer threatened with "an actual injury traceable to the [BOP] and likely to be redressed by a favorable judicial decision." Spencer, 523 U.S. at 7; see also United States v. Johnson, 529 U.S. 53 (2000) (statute addressing supervised release does not permit court to reduce period of supervised release even where BOP miscalculated term of imprisonment). As the Third Circuit noted in an unpublished opinion in which the Court determined the invalidity of the December 2002 policy (but did not rule on the validity of the

---

[1] See Woodall at *13 ("'[T]hat the BOP may assign a prisoner to aa CCC does not mean that it must. Therefore, the appropriate remedy is an order requiring the BOP to consider - in good faith - whether or not Woodall should be transferred to a CCC. In making this decision, the BOP should consider the . . . § 3621 factors, as well as any other appropriate factors the BOP routinely considers. This should be done without reference to the BOP's 2002 and 2005 policies").

February 2005 regulations), "[b]ecause of the short sentence, the necessity of securing the views of the Government . . . and the time necessary to study and opine on these complicated issues, the likelihood of [Petitioner] getting an earlier transfer to a CCC was always minimal."  Miller v. Fed. Bureau of Prisons, 147 Fed. Appx. 302, 307 (3d Cir. 2005).  The Court therefore grants the government's motion to dismiss the Petition, dismisses the Petition as moot, and denies Petitioner's motion for a judicial determination as moot.

### III.  CONCLUSION

For the reasons set forth above, the Court grants Petitioner's motion for an extension of time to file papers opposing the motion to dismiss, grants Respondents' motion to dismiss the Petition, and denies Petitioner's motion for a judicial determination as moot.

s/Robert B. Kugler
ROBERT B. KUGLER, U.S.D.J.

Dated:  December    22nd   , 2005